BRUSH-SWAN ELECTRIC LIGHT CO. OF NEW ENGLAND *v.* BRUSH ELECTRIC CO.

*(Circuit Court, S. D. New York. January 18, 1892.)*

**PRINCIPAL AND AGENT—RIGHTS INTER SE—SALE OF PATENTED MACHINES.**

A corporation owning certain patents, and manufacturing machines thereunder, constituted another company its exclusive agent for the sale thereof in certain Eastern States, the agent to receive as compensation a discount of 20 per cent. on the price, and, if the principal sold in this territory, 20 per cent. also upon all its sales. Subsequently the principal, for a cash consideration of $65,000, in addition to certain annual royalties, sold to a third company an exclusive license to sell machines under one group of patents in the whole United States. *Held,* that the agent was not entitled to recovery of its principal any part of the $65,000, or 20 per cent. commission upon sales made by the licensee, until it was shown that the latter company had actually sold machines within the agent's territory.

In Equity. Suit by the Brush-Swan Electric Light Company of New England against the Brush Electric Company for specific performance of a contract, whereby the latter company constituted the former its exclusive agent for the sale of certain patented machines in certain eastern states, and agreed to furnish the same to it at a stated discount; also for an injunction to restrain the defendant from selling machines in complainant's territory, and for an accounting as to sales already made. A decision in favor of complainant was rendered January 17, 1890, (41 Fed. Rep. 163.) A rehearing was denied, (43 Fed. Rep. 225,) and an interlocutory decree, referring the cause to a master to take an account, was entered July 18, 1890. The hearing is now upon exceptions to the master's report. Overruled.

The other facts fully appear in the following statement:

The decree directed that it be referred to John A. Shields, Esq., as a special master of this court—

"To take and state an account of all such machinery, apparatus and appurtenances as shall have been sold or delivered by the said defendant within the aforesaid territory as limited by the foregoing territorial exceptions, from and after the 10th day of June, 1885, and of the prices at which each of such sales shall have been made, and of all sales and licenses of right to use any or all

of the patents and inventions belonging to said defendant, to the benefit of which said complainant is entitled under and by virtue of the agreements hereinbefore mentioned within the said territory, which may have been made by the said defendant, and of all moneys which shall have been received therefrom; and also to take and state an account of all the damages which shall have been sustained by the complainant by reason thereof, and by reason of the refusal, neglect or delay of the defendant to fill and execute orders received by it from the said complainant, and by reason of any and all other matters and things in the complaint herein set forth, and to report thereon to the court after deducting any sum which the said master may find to be due from the complainant to the defendant."

On the 24th of November, 1891, the master filed his report in which he found due from the defendant to the complainant the sum of $29,-242.11, $10,725.49 of which has been paid pursuant to the terms of the decree. The above amount was arrived at by stipulation between the parties. Two claims for damages were, however, reserved for decision. The master's conclusion as to the second claim is in the following words:

"*Second.* A claim for commissions on the basis of 20 per cent. upon a certain contract made by the defendant with the Consolidated Electric Storage Company, June 2, 1890. Referring to the terms of the decree which limits and defines my duties and powers, it will be found that I am confined to an account of 'such machinery, apparatus and appurtenances as shall have been sold or delivered,' and ' all sales and licenses or rights to use any or all of the patents and inventions,' necessarily within the territory included in the contracts in suit. Upon the question of damages, the transaction furnishing the basis thereof must be one conflicting with complainant's rights within this territory. It does not appear that anything has thus far been done within this territory under the agreement with the Consolidated Electric Storage Company, upon which the commission of 20 per cent. would apply, and until something of this kind is done, it is difficult to see how the complainant can be damaged under its contract. It is clear that the complainant is not entitled to 20 per cent. upon the entire contract with said storage company, because that contract covers territory in which complainant has no right whatever. Until something shall be done under the license or agreement of the storage company, within complainant's territory, the complainant will suffer no damage by reason thereof. I am therefore compelled to find and report against complainant upon this second reserved claim."

To this finding of the master the complainant duly excepted. No other exception was taken by either party.

*Joseph H. Choate* and *William G. Wilson,* for complainant.

*Gilbert H. Crawford,* for defendant.

Coxe, District Judge. By the terms of the agreements between the parties the complainant became the exclusive agent of the defendant, for the sale of the electrical machinery and apparatus manufactured and controlled by the defendant, within certain limited territory. The compensation which the complainant was to receive for its services as agent was a discount of, at least, 20 per cent. upon the selling price of the machinery and apparatus sold by it. If the defendant sold in this territory it was to pay a commission, at the same rate, to the complainant. It is plain, therefore, that if the contracts had been faithfully performed the complainant could have received nothing, except

this discount and commission upon machinery and apparatus sold in the specified territory. The stipulation entered into between the attorneys recognizes the loss of this percentage as the true rule for the assessment of the complainant's damages. It is the true rule. On the 2d of June, 1890, the defendant granted an exclusive license, under various patents for improvements in secondary batteries, to the Consolidated Electric Storage Company. The license covered the entire United States and the territories thereof. The consideration for this license was $65,-000 in cash and certain annual royalties. The proof shows that the $65,000 was paid pursuant to the terms of the agreement. There is no proof of other payments. The complainant insists that it is entitled to recover the entire sum of $65,000 as damages.

I am of the opinion that the master was correct in disallowing this claim. There were no facts before him from which he could formulate a correct rule of damages. There was no proof of the sale by the defendant or the storage company of a single secondary battery in the complainant's territory. There was no proof that the storage company had done any act in hostility to the complainant's interests, or that complainant had lost a sale because of the license. So far as this evidence goes there was a mere transfer of rights under certain letters-patent. The complainant derived no pecuniary benefit from these patents while the defendant controlled them, and nothing has yet been shown which entitles the complainant to remuneration now. Certainly the mere transfer of the patents from one corporation to another does not confer that right. Even assuming that the complainant is entitled to some part of the $65,000, there is nothing to show what part. That sum was paid for a license extending throughout the entire country. There is nothing to show what the rights so transferred, if confined to the complainant's territory, would be worth. The situation appears to be one where the language of the supreme court in *Machinery Co.* v. *Dolph*, 138 U. S. 617, 11 Sup. Ct. Rep. 412, seems applicable:

"On breach of such a contract, the principal matter in respect to which provision was made is the one to be mainly regarded. If subordinate provisions are clear and definite, and damages for disregard thereof determinable by plain and obvious rules, of course such damages may be recovered; but if because they are subordinate the provisions in respect thereto are indefinite, then the court may not, with the idea of preventing injustice, attempt to substitute equivalents therefor. The main purpose of the contract must be regarded and its specific provisions in connection therewith enforced, and proper damages given for the breach thereof. A lack of certainty as to terms of contract obligations of either party, or measure of damages for breach, is simply the misfortune of him who seeks to recover in case of a breach thereof."

The exception is overruled and the report of the master is confirmed.